UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STACY HOVAN,

      Plaintiff,
v.

METROPOLITAN LIFE INSURANCE
COMPANY,

      Defendant.
_____)

## COMPLAINT

The Plaintiff, STACY HOVAN ("HOVAN"), by and through her undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. HOVAN brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan, and to clarify her rights to benefits under the terms of the plan.

2. HOVAN was at all times relevant a citizen of the United States of America, and during the pendency of this claim was a resident of the State of California, and in all respects sui

[1972605/4386439/1]         1

juris.

3. METLIFE is a corporation with its principal place of business in the State of New York, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, METLIFE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to HOVAN by METLIFE.

6. At all times material, HOVAN was an employee of Troutman Pepper Hamilton Sanders, LLP, f/k/a Troutman Sanders LLP.

7. By way of her employment, HOVAN was at all times material a plan participant under the Troutman Pepper Hamilton Sanders, LLP Long Term Disability Income Plan (the "LTD Plan") which is a Long Term Disability Insurance Policy that was issued and insured by METLIFE. It is pursuant to this LTD Plan to which HOVAN is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. METLIFE is the insurer of benefits under the LTD Plan and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, METLIFE administered the claim with

a conflict of interest and the bias this created affected the claims determination. As such, METLIFE is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, HOVAN is entitled to LTD benefits for the duration of her disability, or until age 65, so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **Disabled or Disability** means that, due to Sickness or as a direct result of accidental injury:
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> - You are unable to earn:
>   - more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
>   - unable to perform each of the material duties of Your Own Occupation.

13. Since approximately February 26, 2019, HOVAN has been disabled under the terms of the LTD Plan.

14. After becoming disabled, HOVAN made a claim to METLIFE under the LTD Plan for disability benefits and benefits were initially paid for the period of June 1, 2019 through October 15, 2020.

15. By letter dated January 27, 2021, METLIFE denied HOVAN's claim for continued LTD benefits beyond October 15, 2020 (although benefits seemed to have been paid through October 16, 2020), contending that the medical information received no longer supported the definition of disability.

16. HOVAN timely and properly submitted an appeal of METLIFE's January 27, 2021 denial letter.

17. By letter dated August 27, 2021, METLIFE affirmed its previous decision to deny

        HOVAN's LTD claim for disability benefits beyond October 16, 2020 and informed HOVAN that her administrative remedies had been exhausted.

18. At all relevant times, HOVAN complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

19. At all relevant times, due to Sickness or as a direct result of accidental injury, HOVAN has been unable to earn more than 80% of her Predisability Earnings at her Own Occupation from any employer in her Local Economy and to perform each of the material duties of her Own Occupation, as such is defined by the policy.

20. At all relevant times, HOVAN has been receiving Appropriate Care and Treatment and complying with the requirements of such treatment.

21. At all relevant times, HOVAN was a Covered Person under the LTD Plan.

22. HOVAN has not received benefits owed to her under the LTD Plan since October 16, 2020, despite HOVAN's right to these benefits.

23. METLIFE has refused to pay HOVAN LTD benefits beyond October 16, 2020.

24. At all relevant times, METLIFE was the payer of benefits.

25. At all relevant times, METLIFE was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, METLIFE was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

27. At all relevant times, HOVAN has been and remains disabled and entitled to LTD benefits from METLIFE under the terms of the LTD Plan.

28. HOVAN has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

### **CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

29. HOVAN incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a)(1)(B), HOVAN, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

32. HOVAN has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of METLIFE's failure to pay her disability benefits.

33. HOVAN has exhausted all administrative remedies under the LTD Plan.

34. Defendant breached the LTD Plan and violated ERISA in the following respects:

   (a) Failing to pay LTD benefit payments to HOVAN at a time when METLIFE knew, or should have known, that HOVAN was entitled to those benefits under the terms of the LTD Plan, as HOVAN was disabled and unable to work and therefore entitled to benefits.

   (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of HOVAN's claim for LTD benefits.

    (c) After HOVAN's claim was terminated in whole or in part, METLIFE failed to adequately describe to HOVAN any additional material or information necessary for HOVAN to purportedly perfect her claim, along with an explanation of why such material is or was necessary.

    (d) METLIFE failed to properly and adequately investigate the merits of HOVAN's disability claim and failed to provide a full and fair review of HOVAN's claim.

35. HOVAN believes and thereon alleges that METLIFE wrongfully denied her claim for disability benefits under the LTD Plan by other acts or omissions of which HOVAN is presently unaware, but which may be discovered in this future litigation and which HOVAN will immediately make METLIFE aware of once said acts or omissions are discovered by HOVAN.

36. Following the termination of benefits under the LTD Plan, HOVAN exhausted all administrative remedies required under ERISA and HOVAN has performed all duties and obligations on her part to be performed under the LTD Plan.

37. As a proximate result of the aforementioned wrongful conduct of METLIFE, HOVAN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding HOVAN's claim for benefits, HOVAN, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), HOVAN is entitled to have such fees and costs paid by METLIFE.

39. HOVAN is entitled to enforce her rights under the terms of the LTD Plan and to clarify

her right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, STACY HOVAN prays for relief against METROPOLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan with all ancillary benefits to which she is entitled by virtue of her disability and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: June 29, 2022

                ATTORNEYS DELL AND SCHAEFER,
                CHARTERED
                Attorneys for Plaintiff
                2625 Weston Road
                Weston, FL  33331
                (954) 620-8300

                *S/ Alexander A. Palamara*

                              ALEXANDER A. PALAMARA, ESQUIRE
                              Florida Bar No: 0037170
                              Email: alex@diattorney.com
                              GREGORY MICHAEL DELL, ESQUIRE
                              Florida Bar No: 299560
                              Email: gdell@diattorney.com